# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**FREDERICK BANKS, # 05711-068**  PETITIONER

**VERSUS**  **CIVIL ACTION NO. 5:09-cv-89-KS-MTP**

**UNITED STATES PAROLE COMMISSION, et al.**  **RESPONDENTS**

## MEMORANDUM OPINION

This matter is before the court, <u>sua sponte</u>, for dismissal. The petitioner is presently incarcerated at the Federal Correctional Complex, Yazoo City, Mississippi, and filed the instant civil action on May 28, 2009.

## I. Background

Petitioner was convicted in the United States District Court for the Western District of Pennsylvania on February 25, 2005. Petitioner bases this habeas petition on the following two grounds:

> Ground one "The U.S. Parole Commission failed to give petitioner meaningful parole consideration as a Lakota Sioux Indian in violation of the Treaty of Fort Laramie (1868) and 18 U.S.C. § 4205, the Northwest ordinance, and equal protection"; and
> Ground two: "The BOP failed to properly calculate Petitioner's good time credits as a Lakota Sioux Indian under the old law system in violation of the Fort Laramie Treaty of 1868, 18 U.S.C. § 4161, the Northwest Ordinance and equal protection."

<u>Pet</u>. [1], p. 4. Petitioner seeks as relief that the United States Parole Commission give meaningful consideration to paroling Petitioner and that the Bureau of Prisons recalculate his good time under the "old law." <u>Pet</u>. [1], p. 5.

## II. Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. <u>United States v. Cleto</u>,

956 F.2d 83, 84 (5th Cir.1992). As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Therefore petitioner's claim is properly before this court as a request for habeas relief pursuant to § 2241[1], however, for the following reasons this court cannot grant the relief requested by the petitioner.

### A. Ground one: Parole consideration

"Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" Malchi v. Thaler, 211 F.3d 953 (5th Cir. 2000) (quoting Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995)).

Petitioner argues that he has been denied meaningful consideration for parole because of his status as a Lakota Sioux Indian. Petitioner bases his argument on several cases and statutes cited in his petition. One of the statutes Petitioner bases his argument on is 18 U.S.C. § 4206. Petitioner recognizes that parole has been repealed, however he states that the repeal of parole was extended. Pet. [1], p. 6. The extension of the applicability of 18 U.S.C. § 4206 (repealed 1984) to twenty-four years after the repeal only applies to those convicted *prior* to November 1, 1987. See Pub. L. 110-312, § 2, Aug. 12, 2008, 122 Stat. 3013. Therefore, because the petitioner was sentenced in 2005, his reliance on 18 U.S.C. § 4206 is misplaced.

---

[1] Petitioner cites Stern v. Federal Bureau of Prisons, 601 F. Supp.2d 303 (D.D.C. 2009) and states that he also basis his claim on the Administrative Procedure Act (APA) 5 U.S.C. §§ 701 et seq. However, Stern held that since "the plaintiff can bring his claim via a petition for habeas corpus under 28 U.S.C. § 2241, the plaintiff cannot also bring a claim under the APA."

2

Secondly, petitioner further surrounds his argument around the idea that since he is a Lakota Sioux Indian, Congress intended 18 U.S.C § 3551 to not apply to Indians because it affected petitioner's right to property.  Pet. [1], p. 4. (citing Reich v. Mashantucket Sand & Gravel, 95 F.3d 174, 176 (2nd Cir. 1996); Donavan v. Coeur d'Alene Tribal Farm, 751 F.2d 1113 (9th Cir. 1985); United States v. Farris, 624 F.2d 890 (9th Cir. 1980)).  Petitioner points specifically to the portion of Reich where an Administrative Law Judge (ALJ) followed the three step analysis from Donavan regarding whether the Occupational Safety and Health Act (OSHA) applied to a company's activities on an Indian reservation containing a casino.  It appears that petitioner is suggesting through citing the above referenced cases that 18 U.S.C. § 3551 does not apply to petitioner because of the finding in Reich that OSHA does not apply to a company's activities on an Indian reservation and because of the fact that 8 U.S.C. § 1401(b)[2] applies to petitioner.  Therefore, petitioner asserts, that since his citizenship should not impair his right to property by nature of him being an Indian, that 18 U.S.C. § 3551, which effectively abolished parole, *should not* apply to him and 18 U.S.C. § 4205 (repealed 1984) *should* apply to him resulting in petitioner being eligible for parole.

Further, in response [6] to this court's order [5] inquiring into what statutes and/or case law petitioner was basing his claim that he was entitled to parole, petitioner cites 28 C.F.R § 2.2, 18 U.S.C. § 4205, 18 U.S.C. § 3551 and 15 Stat. 635.  The section cited by petitioner from the Code of Federal Regulations (C.F.R.) involves the application of eligibility for parole and applying 18 U.S.C. § 4205 which has been repealed and only applies to convictions prior to November 1, 1987.  Therefore, 28 C.F.R. § 2.2 does not apply to petitioner as he is not eligible

---

[2] Title 8 U.S.C. § 1401(b) grants citizenship at birth to Indians and states that such citizenship shall not "in any manner impair or otherwise affect the right of such person to tribal or other property."

3

for parole under 18 U.S.C. § 4205 as it has been repealed. Further, 15 Stat. 635 is a treaty which petitioner refers to as "Ft. Loramie Sioux Treaty of 1868." The treaty referenced by petitioner has no bearing on the claims made by petitioner.

Petitioner further asserts in his response [6] that "statutes are to be construed liberally in favor of the Indians with ambiguous provisions interpreted to their benefit." Chickasaw Nation v. United States, 534 U.S. 84, 85 (2001) (quoting Montana v. Blackfeet Tribe, 471 U.S. 759, 766 (1985)); see also South Carolina v. Catawba Indian Tribe, Inc, 476 U.S. 498, 506 (1986). The Court in Chickasaw Nation was discussing a chapter of the Internal Revenue Code and how it applied to gambling earnings by Indian tribes. The Court held that the language of the chapter of the Internal Revenue Code at issue was clear and did not have any portion ambiguous enough to lend to other interpretation. The statutes cited by petitioner are not ambiguous and even when giving liberal construction in favor of petitioner, these statutes do not permit this court to grant the relief which petitioner requests. Further, since 18 U.S.C. § 4205 has been repealed, this court cannot grant relief to petitioner based on that statute regardless of interpretation.

Additionally, in his response [6], petitioner also makes the argument that "Chevron deference to agency interpretation of statutes is not applicable to an Indian." Resp. [6], p. 1. (citing Cobell v. Norton, 240 F.3d 1091, 1101 (D.C. Cir. 2001)). See also Texas v. United States, 497 F.3d 491 (2007). Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984) guides courts in making the determination whether Congressional intent in a statute administered by an agency is clear, if not, then the court must determine if the agency's interpretation of the statute is based on a permissible construction. As aforementioned, the statutes relied upon by the petitioner are not ambiguous, therefore, the respondents' "interpretation" of the statutes is not at issue.

4

It appears that petitioner is asking this court to make parole available to him simply for the fact that he is a Lakota Sioux Indian. For the following reasons, this court cannot grant the relief requested by the petitioner. The Sentencing Reform Act of 1984 (Act), as amended, 18 U.S.C. § 3551 et seq., among other things, effectively abolished parole by making "all sentences basically determinate. A prisoner is to be released at the completion of his sentence reduced only by any credit earned by good behavior while in custody." Mistretta v. U.S., 488 U.S. 361, 367 (1989) (citing 18 U.S.C. §§ 3624(a) and (b)). The Act applies to prisoners convicted after November 1, 1987. Petitioner was convicted on February 25, 2005, therefore he is ineligible for parole.

Notwithstanding the unavailability of parole to the petitioner, it has been held that petitioner has no constitutional right to parole. See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1 (1979). "The Supreme Court has held that there is no constitutional right to parole that automatically invokes due process protection." Id. at 7. The Supreme Court has acknowledged that the process of a parole board's determination may create an expectation that is entitled to some measure of constitutional protection. Id. at 11-12. However, since, as aforementioned, parole is not available to petitioner there is no need for this court to examine respondents' practices in the determination of parole resulting in what petitioner alleges as a equal protection violation.

### B. Ground two: Good time credit

Similar to petitioner's claims made regarding the interpretation of statutes in his favor by nature of being an Indian regarding his right to parole, petitioner argues that 18 U.S.C. § 4161 (repealed 1984), regarding good time credits, should be interpreted in his favor as well. Petitioner asserts that the Bureau of Prisons has failed to properly calculate his good time credits under the "old law system." Pet. [1], p. 4 (citing Carpenter v. Shaw, 280 U.S. 363, 367 (1930);

5

United States v. Celestine, 215 U.S. 278, 290 (1909); United States v. Nice, 241 U.S. 591, 599 (1916)). In essence, petitioner is requesting that this court apply the "old law" in calculating his time, simply because he is an Indian. Title 18 U.S.C. § 4161 was repealed and therefore this court cannot apply law that is no longer valid simply because of petitioner's status as a Lakota Sioux Indian.

Further, "[t]he loss of the mere opportunity to be considered for discretionary early release is too speculative to constitute a deprivation of a constitutionally protected liberty interest." Venegas v. Henman, 126 F.3d 760, 765 (5th Cir. 1997) (citing Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (holding that the opportunity to earn good time credits which might lead to a speedier release, does not rise to the level of a constitutionally protected liberty interest)). Therefore, petitioner's claim that he is entitled to good time credits which would result in a speedier release, does not present a claim for which habeas relief can be granted as there is no constitutional violation.

### III. Conclusion

Therefore, based on the foregoing, this court has determined that petitioner has failed to present claims upon which his requested habeas relief can be granted. Consequently, this civil action will be dismissed with prejudice.

A final judgment in accordance with this memorandum opinion will be entered.

This the14th day of May, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE